IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-383 |
| | ) | (Judge Silfen) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

### I.  NATURE OF THE ACTION

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of its case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

2. Admits that in the wake of the September 11, 2001 attacks, Congress created the September 11th Victim Compensation Fund (VCF). Denies the allegations contained in the second and third sentences of paragraph 2.

3. Denies the allegations contained in the first sentence of paragraph 3. The allegations contained in the second sentence of paragraph 3 constitute a conclusion of law to which no response is required; to the extent that they are allegations of fact, they are denied. Admits that the VCF regulations promulgated in 2001 and 2011 include the clause "in accordance with the provisions of this Part that were in effect at the time that their claims were submitted" to the extent supported by the cited regulation, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 3. The

allegations contained in the fourth sentence of paragraph 4 constitute a conclusion of law to which no response is required; to the extent that they are allegations of fact, they are denied.

4. Denies.

5. The allegations contained in paragraph 5 constitute plaintiff's characterization of his case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

8. Denies.

9. Admits the allegations contained in paragraph 9 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

11. The allegations contained in the first sentence of paragraph 11 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.  The allegations contained in the second sentence of paragraph 11 constitute conclusions of law or plaintiff's characterization of his case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

12. Denies.

## II. JURISDICTION AND VENUE

13. The allegations contained in paragraph 13 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

## III. PARTIES

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

## IV. FACTUAL BACKGROUND

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

20. The allegations contained in paragraph 20 constitute conclusions of law or plaintiff's characterization of his case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law or plaintiff's characterization of his case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

22. Denies.

23. Denies.

24. Denies.

25. Admits the allegations contained in paragraph 25 to the extent supported by the legislation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits that the Department of Justice, pursuant to the VCF statute, promulgated regulations regarding the operation of the VCF; denies the remaining allegations contained in paragraph 26.

27. Denies.

28. Admits.

29. Denies.

30. Admits the allegations contained in paragraph 30 to the extent supported by the 2001 Interim Final Rule, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the 2001 Final Rule, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits.

33. Denies.

34. Admits the allegations contained in paragraph 34 to the extent supported by the Zadroga Act, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the Zadroga Act, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in the first sentence of paragraph 36 to the extent supported by the regulations cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 36. Admits that the VCF Final Rule, effective October 3, 2011, (defined by plaintiff as the "2011 Regulations") are attached to the amended complaint as Exhibit 1.

37. Admits the allegations contained in paragraph 36 to the extent supported by the quoted statement, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. The allegations contained in paragraph 38 constitute a conclusion of law or plaintiff's characterization of his case to which no response is required; to the extent that they are allegations of fact, they are denied.

39. The allegations contained in paragraph 39 constitute a conclusion of law to which no response is required; to the extent that they are allegations of fact, they are denied.

40. Admits the allegations contained in paragraph 40 to the extent supported by the quoted regulation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in the first sentence of paragraph 41. The allegations contained in the second sentence of paragraph 41 constitute a conclusion of law to which no response is required. To the extent that the allegations contained in the second sentence of paragraph 41 constitute allegations of fact, admits to the extent supported by the

regulations cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 41.

      42.      Admits to the extent supported by the 2011 Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 42.

      43.      Admits the allegations contained in the first two sentences of paragraph 43 to the extent supported by the 2011 Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in the first two sentences of paragraph 43. Denies the allegations contained in the third sentence of paragraph 43.

      44.      Admits the allegations contained in paragraph 44 to the extent supported by the 2011 Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 44.

      45.      Admits that the 2011 Regulations included the clause "presumed determinations of loss of earnings or other benefits related to employment for annual incomes up to but not beyond the 98th percentile of individual income in the United States for the year preceding the year of death" to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 45. Denies the allegations contained in the second sentence of paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth. Admits that allegations contained in the third sentence of paragraph 45 to the extent supported by the 2011 Regulation, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 45.

46. The allegations contained in paragraph 46 constitute a conclusion of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

48. Admits the allegations contained in paragraph 48 to the extent supported by the 2011 VCF regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained paragraph 49 to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. The allegations contained in the first sentence of paragraph 50 and the subsequent citation to 28 CFR § 104.6 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied. Denies the allegations contained in the second/last sentence of paragraph 50.

51. Admits the allegations contained in the first sentence of paragraph 51. Denies the allegations contained in the second sentence of paragraph 51.

52. Denies the allegations contained in the first sentence of paragraph 52. The existence of a "regulatory requirement" constitutes a conclusion of law to which no response is required; to the extent that it is an allegation of fact, it is admitted to the extent supported by the regulation cited, which is the best evidence of its contents. Admits that "3,128 VCF compensation determinations had been made as of January 2, 2015"; denies the remaining allegations contained in the second sentence of paragraph 52.

53. Denies.

54. Admits the allegations contained in paragraph 54 to the extent supported by the James Zadroga 9/11 Victim Compensation Fund Reauthorization Act, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. Denies the allegations contained in the first sentence of paragraph 55. Admits that the VCF Interim Final Rule, effective June 15, 2016 (defined by plaintiff as the "Amended Regulations") is attached to the amended complaint as Exhibit 2.

56. Admits the allegations contained in paragraph 56 to the extent supported by the Amended Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 56.

57. The allegations contained in paragraph 57 constitute conclusions of law to which to response is required. To the extent that they constitute allegations of fact, admits to the extent supported by the Amended Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 57.

58. The allegations contained in the first sentence of paragraph 58 constitute conclusions of law to which no response is required. To the extent that they constitute allegations of fact, admits to the extent supported by the Amended Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 58. Denies the allegations contained in the second sentence of paragraph 58.

59. The allegations contained in the first sentence of paragraph 59 constitute conclusions of law to which to response is required; the extent that they constitute allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 59.

60. The allegations contained in paragraph 60 constitute conclusions of law to which to response is required. To the extent that they constitute allegations of fact, admits to the extent supported by the Amended Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 60.

61. The allegations contained in the paragraph 59 constitute conclusions of law to which to response is required. To the extent that they constitute allegations of fact, admits that the Amended Regulations provide that the "Special Master shall identify claims that present the most debilitating physical conditions and shall prioritize the compensation of such claims so that claimants with such debilitating conditions are not unduly burdened" to the extent supported by those regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 61.

62. Admits the allegations contained in paragraph 62 to the extent supported by the Amended Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 62.

63. Admits the allegations contained in paragraph 63 to the extent supported by the Amended Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 63.

64. Denies.

65. Denies.

66. Admits the allegations contained in paragraph 66 to the extent supported by the Eligibility Form cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 66.

67. Admits the allegations contained in paragraph 67 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 67.

68. Admits the allegations contained in paragraph 68 to the extent supported by the document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 68.

69. The allegations contained in paragraph 69 constitute conclusions of law to which to response is required; to the extent that they constitute allegations of fact, they are denied.

70. The allegations contained in the first sentence of paragraph 70 and the citation to the 2011 Regulations constitute conclusions of law to which to response is required; to the extent that they constitute allegations of fact, they are denied. Denies the allegations contained in the third/last sentence of paragraph 70.

71. The allegations contained in the first sentence of paragraph 71 constitute a conclusion of law to which to response is required; to the extent that they constitute allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 71 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 71.

72. Admits the allegations contained in paragraph 72 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 72.

73. Admits the allegations contained in the first sentence of paragraph 73. Denies the allegations contained in the second sentence of paragraph 73.

74. Admits the allegations contained in the first sentence of paragraph 74. Denies the allegations contained in the second and third sentence of paragraph 74.

75. Admits the allegations contained in paragraph 75 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 75.

76. Admits the allegations contained in paragraph 76 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 76.

77. The allegations contained in paragraph 77 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

78. The allegations contained in paragraph 78 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

## V.     CLASS ACTION ALLEGATIONS

79. The allegations contained in paragraph 79 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

80. The allegations contained in paragraph 80 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

81. The allegations contained in paragraph 81 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

82. The allegations contained in the first sentence of paragraph 82 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 82. Admits the allegations contained in the third sentence of paragraph 82.

83. Denies the allegations about plaintiff's beliefs contained in paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth; denies the remaining allegations contained in paragraph 83.

84. The allegations contained in paragraph 84 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

85. The allegations contained in paragraph 85 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

86. The allegations contained in paragraph 86 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

87. The allegations contained in paragraph 87 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

88. The allegations contained in paragraph 88 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

89. The allegations contained in paragraph 89 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

VI.  CLAIMS FOR RELIEF

COUNT I – Breach of Contract

90. Defendant incorporates by reference its responses to Paragraphs 1-89 as if fully set forth herein.

91. The allegations contained in paragraph 91 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

92. The allegations contained in paragraph 92 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

93. The allegations contained in paragraph 93 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

94. The allegations contained in the first sentence of paragraph 94 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 94.

95. The allegations contained in paragraph 95 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

96. The allegations contained in paragraph 96 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

97. The allegations contained in paragraph 97 constitute conclusions of law to which no response is required.  To the extent that they constitute allegations of fact, admits that the quoted language appears in the 2011 Regulations, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 97.

98. The allegations contained in paragraph 98 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

99. The allegations contained in paragraph 99 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

100. The allegations contained in paragraph 100 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

102. The allegations contained in paragraph 102 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

103. The allegations contained in paragraph 103 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

104. The allegations contained in paragraph 104 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

105. The allegations contained in paragraph 105 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

106. The allegations contained in paragraph 106 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

107. The allegations contained in paragraph 107 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

108. The allegations contained in paragraph 108 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

109. The allegations contained in paragraph 109 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

110. The allegations contained in paragraph 110 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

## COUNT II – Breach of Contract (Implied-in-Fact)

111. Defendant incorporates by reference its responses to Paragraphs 1-110 as if fully set forth herein.

112. The allegations contained in paragraph 112 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

113. The allegations contained in paragraph 113 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

114. The allegations contained in paragraph 114 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

115. The allegations contained in paragraph 115 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

116. The allegations contained in paragraph 116 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

PRAYER FOR RELIEF

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

                YAAKOV M. ROTH
                Acting Assistant Attorney General

                PATRICIA M. McCARTHY
                Director

                s/ Elizabeth M. Hosford
                ELIZABETH M. HOSFORD
                Assistant Director

                s/ Eric E. Laufgraben
                ERIC E. LAUFGRABEN
                Senior Trial Counsel
                Commercial Litigation Branch
                Civil Division
                U.S. Department of Justice
                P.O. Box 480
                Ben Franklin Station
                Washington, DC 20044
                Telephone: (202) 353-7995
                Facsimile:  (202) 514-8624
                Email:       Eric.E.Laufgraben@usdoj.gov

April 11, 2025                Attorneys for Defendant