IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MICHAEL WHITE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. ) | No. 23-383<br>(Judge Silfen) |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with Appendix A of the Rules of the United States Court of Federal Claims (RCFC), the parties respectfully submit this Joint Preliminary Status Report:

**I.     Responses to Questions in Appendix A**

a.     Jurisdiction

**Plaintiff's Position:** Plaintiff asserts that this court has jurisdiction over this action and venue is proper pursuant to the Tucker Act, 28 U.S.C. § 1491, because this action asserts a claim for breach of contract against the United States of America.

**Defendant's Position:** Defendant has already challenged this court's jurisdiction under Rule 12(b)(1) and 12(b)(6).  Defendant is unaware of any additional bases upon which to challenge jurisdiction.

b.     Consolidation

At this time, the parties are not aware of any other case with which this case should be consolidated.

c.     Bifurcation of liability and damages

At this time, the parties do not believe it would be beneficial to bifurcate the trial of liability and damages.

d.  <u>Deferral</u>

At this time, the parties are not aware of any reason why proceedings in this case should be deferred pending consideration of any other case.

e.  <u>Remand or suspension</u>

At this time, the parties do not intend to request remand or suspension.

f.  <u>Joinder of additional parties</u>

At this time, the parties do not intend to join additional parties. Plaintiff intends to move for class certification "at an early practicable time," consistent with RCFC 23(c)(1)(A).

g.  <u>Dispositive motions</u>

The parties anticipate filing dispositive motions under RCFC 56 following the close of discovery. As set forth below, the parties propose that a briefing schedule for dispositive motions be established at the conclusion of the discovery period.

h.  <u>Relevant factual and legal issues</u>

Plaintiff alleges, in this proposed class action, that the Government breached a contract with Plaintiff and the class with respect to their 9/11 Victim Compensation Fund claims. Specifically, Plaintiff asserts that the Government agreed to process their claims in accordance with the regulations in effect when they submitted their claims, but instead processed their claims in accordance with later-amended regulations that altered the methodology by which claims were adjudicated in a way that limited their recovery. Plaintiff alleges that this conduct constituted a breach of the parties' contract.

The legal and factual issues in dispute include whether this action is suitable for class certification; whether the Government breached a contract with the plaintiff and putative class

members by applying the updated methodology to adjudicate their claims; and whether applying this methodology resulted in damages to the plaintiff and putative class members.

i. Settlement/ADR

**Plaintiff's Position:** Plaintiff remains willing to engage in settlement discussions, whether directly or through ADR, to obtain a fair recovery for the class of 9/11 first responders impacted by the Government's conduct.

**Defendant's Position:** At this time, defendant does not believe that alternative dispute resolution is necessary or that settlement is possible. Following some discovery, however, defendant remains open to revisiting the possibility for an amicable resolution to this matter.

j. Trial

If the case is not resolved through dispositive motions, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling.

k. Special issues regarding electronic case management needs

The parties are not aware of any special issues regarding electronic case management.

l. Additional information

Consistent with RCFC 23(c)(1)(A), Plaintiff intends to move for class certification "at an early practicable time." Plaintiff requires discovery from the Government in order to prepare the class certification motion. The parties intend to simultaneously conduct fact discovery for class certification as well as discovery necessary to address all factual issues in dispute. Plaintiff is uncertain whether an expert report will be necessary in support of class certification. Accordingly, Plaintiff anticipates filing a motion for class certification no later than 30 days following the close of all discovery.

**II.     Proposed Schedule and Discovery Plan:**

| Event | Date |
|---|---|
| Initial Disclosures due | July 2, 2025 |
| R. 26(a)(2) Expert Disclosures and Reports due | January 12, 2026 |
| Expert Rebuttal Reports due | February 26, 2026 |
| Close of all discovery | March 16, 2026 |
| Status report proposing briefing schedule for class certification motion (if not yet filed) and dispositive motions | March 18, 2026 |

|  |  |
|---|---|
| | Respectfully submitted, |
| /s/ Jeremy S. Spiegel | YAAKOV M. ROTH |
| Jeremy S. Spiegel, Esq. | Acting Assistant Attorney General |
| **LAW OFFICE OF JEREMY SPIEGEL** | |
| 123 South Broad Street | PATRICIA M. McCARTHY |
| Suite 1850 | Director |
| Philadelphia, PA 19109 | |
| Tel. (215) 609-3154 | ELIZABETH M. HOSFORD |
| Spiegel@JeremySpiegelLaw.com | Assistant Director |
| | |
| *Attorney for Plaintiff* | /s/ Margaret J. Jantzen |
| | MARGARET J. JANTZEN |
| | Senior Trial Counsel |
| | Commercial Litigation Branch |
| | Civil Division |
| | U.S. Department of Justice |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20044 |
| | Telephone:   (202) 353-7994 |
| | Email:           Margaret.j.jantzen@usdoj.gov |
| | |
| | *Attorneys for Defendant* |

May 30, 2025